UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH REDELL HENRY,<br><br>                            Petitioner,<br><br>    v.<br><br>GEORGE A. NEOTTI, Warden,<br><br>                            Respondent. | Civil No.   10-2398 JLS (WVG)<br><br>**ORDER REOPENING CASE AND SETTING BRIEFING SCHEDULE** |

      On November 19, 2010, Petitioner, proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a prison trust fund account statement. (Doc. Nos. 1,2.)

      In its December 20, 2010 Order, the Court construed Petitioner's submission of the trust fund account statement as a request to proceed in forma pauperis and granted the motion. (*See* Order dated December 20, 2010 [doc. no. 6].) The Court further dismissed this case without prejudice because Petitioner failed to name a proper respondent. (*Id*.) Petitioner was instructed that to have this case reopened he had to file a First Amended Petition no later than January 24, 2011.

On December 28, 2010, Petitioner filed a First Amended Petition pursuant to this Court's Order. Based on this Court's review of the First Amended Petition, the Court **ORDERS** that this case be reopened. Further, in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the First Amended Petition, **IT IS ORDERED** that:

1. The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

2. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **February 28, 2011**. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1/] At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is <u>not</u> required for the motion to dismiss.

3. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **March 30, 2011**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

1       4.     Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's 2 opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent 3 adequate time to respond to Petitioner's claims on the merits.

4       5.     If Respondent does not contend that the Petition can be decided without the Court 5 reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the 6 Petition, <u>as well as points and authorities in support of such answer</u>, no later than **March 15,** 7 **2011**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing 8 on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of 9 lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus** 10 **Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, 11 orders or other items into a combined lodgment entry. Each item shall be numbered separately 12 and sequentially.

13       6.     Petitioner may file a traverse to matters raised in the answer no later than **April** 14 **14, 2011**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each 15 allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive 16 to matters raised in the answer; and (c) shall not raise new grounds for relief that were not 17 asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. 18 No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause 19 shown.

20       7.     A request by a party for an extension of time within which to file any of the 21 pleadings required by this Order should be made in advance of the due date of the pleading, and 22 the Court will grant such a request only upon a showing of good cause. Any such request shall 23 be accompanied by a declaration under penalty of perjury explaining why an extension of time 24 is necessary.

25       8.     Unless otherwise ordered by the Court, this case shall be deemed submitted on the 26 day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

27       9.     Every document delivered to the Court must include a certificate of service 28 attesting that a copy of such document was served on opposing counsel (or on the opposing

party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and disregarded by the Court.

10. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

DATED: January 7, 2011

Hon. William V. Gallo
U.S. Magistrate Judge