UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH REDELL HENRY,<br><br>                           Petitioner,<br><br>    vs.<br><br>MATTHEW CATE,<br><br>                           Respondent. | CASE NO. 10-CV-2398 JLS (WVG)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; AND (2) DISMISSING CASE** |

On December 28, 2010, Petitioner Kenneth Redell Henry, a state prisoner proceeding *pro se*, filed the operative petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his July 9, 2009 state court conviction. (Petition, ECF No. 7.) Respondent filed an answer to the petition on March 3, 2011 (ECF No. 12) and Petitioner filed a traverse on May 5, 2011 (ECF No. 22). The matter was referred to United States Magistrate Judge William V. Gallo for preparation of a Report and Recommendation ("R&R") under 28 U.S.C. § 536(b) and Civil Local Rule 72.1(d). Magistrate Judge Gallo notified Petitioner of his possible failure to exhaust claims 2, 3, and 4 of his Petition (Notice, ECF No. 25), to which Petitioner replied (Reply to Notice, ECF No. 26). Magistrate Judge Gallo now recommends those claims be dismissed (R&R 5, ECF No. 27). In response to the R&R, Petitioner expresses his desire to voluntary abandon his sole exhausted

claim.  (Objections, ECF No. 28.)  For the foregoing reasons, the Court **ADOPTS** the R&R and **DISMISSES** the Petition in its entirety without prejudice.

The First Amended Petition contains four bases for Petitioner's challenge of his state court conviction: (1) the trial court abused its discretion by imposing the upper term sentence; (2) he received ineffective assistance of counsel because his attorney did not adequately explain to him to what he pled guilty; (3) he received ineffective assistance of counsel by counsel's "deceit" and failure to pay proper attention to his case, and (4) he received ineffective assistance of counsel because his counsel sabotaged his case due to an attorney fee dispute.  (R&R 4.)  The ineffective assistance of counsel claims were not exhausted in state court.  (R&R 2; Notice 1-2.)  Magistrate Judge Gallo notified Petitioner of the possible dismissal of his Petition for failure to exhaust state court remedies, and listed four options for Petitioner regarding how to proceed in light of these unexhausted claims.  (Notice 2-6.)  In response, Petitioner chose "the fourth option in returning back to state court with the 'withdrawal and abeyance' procedure.  I voluntarily withdraw my unexhausted claim(s) and I am asking the Court to please stay the Proceedings and hold the fully exhausted Petition in abeyance while I return back to state court to exhaust, and I am asking permission to amend by my Petition to include the newly exhausted claim(s) after exhaustion is complete."  (Reply to Notice 2.)

The R&R interpreted Petitioner's request as a motion for withdrawal and abeyance of his unexhausted claims.  (R&R 2.)  However, because Petitioner had failed to demonstrate that his unexhausted claims "relate back" to his sole exhausted claim, the R&R found Petitioner does not satisfy the requirements to utilize the withdrawal and abeyance procedure.  (*Id.* at 5.)  Thus, Magistrate Judge Gallo recommends the Court deny Petitioner's motion for withdrawal and abeyance and dismiss claims 2, 3, and 4 of the Petition.  (*Id.*)  In a document entitled "Objections to Report and Recommendation," Petitioner admits that the unexhausted claims have "nothing to do with" the exhausted claim.  (Objections 2.)  Petitioner further states he made "a grave mistake by implying the judge abused his discretion by giving the Petitioner the upper term" and that he "would like to abandon or make this charged (sic) irrelevant to his First Amended Petition."  (Objections 1.)  The remainder of the Objections indicate Petitioner's emphasis on his ineffective

1 assistance of counsel claims as the focus of his Petition.  Petitioner asks the Court to "please
2 abandon and make the exhausted claim irrelevant and not to denied (sic) unexhausted claim
3 numbers 2, 3, and 5 in the Petitioner's First Amended Petition."  (Objections 3.)

4 Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a
5 district court's duties regarding a magistrate judge's R&R.  The district court "shall make a de
6 novo determination of those portions of the report . . . to which objection is made," and "may
7 accept, reject, or modify, in whole or in part, the findings or recommendations made by the
8 magistrate judge."  28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667,
9 673–76 (1980).  However, in the absence of a timely objection, "the Court need only satisfy itself
10 that there is no clear error on the face of the record in order to accept the recommendation."  Fed.
11 R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th
12 Cir. 1974)).

13 Here, Petitioner does not appear to object to the factual or legal findings of the R&R.  He
14 admits his Petition contains unexhausted claims, concedes the sole exhausted claim is unrelated to
15 the unexhausted claims, and asks that the first claim be voluntarily abandoned and that claims 2, 3
16 and 4 not be denied.  Petitioner may have misunderstood the R&R's conclusions, as the R&R
17 recommended dismissal without prejudice, not denial, of the unexhausted claims.  However, in
18 Petitioner's earlier response to Magistrate Judge Gallo's notice of possible dismissal, Petitioner
19 appeared to understand that he needed to return to state court to exhaust claims 2, 3, and 4 before
20 proceeding with his Petition in federal court.  (Reply to Notice 2.)  Indeed, even if Petitioner
21 intended to object to the R&R's recommendation of the dismissal of claims 2, 3, and 4, that
22 objection is overruled.  The Court may not grant a state prisoner's federal habeas petition if state
23 remedies are unexhausted.  28 U.S.C. § 2254(b)(1)(A).

24 Thus, the Court agrees with Magistrate Judge Gallo's recommendation that Petitioner's
25 motion for withdrawal and abeyance be denied and claims 2, 3, and 4 be dismissed without
26 prejudice.  Neither "stay and abeyance" nor "withdrawal and abeyance" are available because
27 Petitioner has shown neither the good cause nor relation back required for these procedures,
28 respectively.  (*See* Notice 5-6; R&R 3, 5); *see also King v. Ryan*, 546 F.3d 1133 (9th Cir. 2009).

However, Petitioner may voluntarily dismiss the Petition, return to state court to exhaust these claims, and then file a new federal petition containing only exhausted claims. (Notice 2-3); *see also Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (1982) (stating that a petitioner who files a "mixed" petition of exhausted and unexhausted claims may dismiss his petition to "return[ ] to state court to exhaust his claims"). As Magistrate Judge Gallo warned in the Notice, the new federal petition may be barred by the applicable one-year statute of limitations, which ordinarily operates from the date the conviction became final, unless Petitioner can show that statutory or equitable "tolling" applies. (Notice 3); *see also* 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167, 176 (2001). For these reasons, the Court interprets Petitioner's stated desire to abandon his exhausted claim as essentially a selection of the second option explained by Magistrate Judge Gallo's Notice. (Notice 2-3.) Thus, the Petition is **DISMISSED** without prejudice to his refiling a federal petition containing only exhausted claims.

    **IT IS SO ORDERED**.

DATED: March 6, 2012

Honorable Janis L. Sammartino
United States District Judge